UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 25-439 (DWF/EMB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Jose Alberto Arroyo-Sotelo, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Jose Alberto Arroyo-Sotelo's motion to revoke (Doc. No. 38) Magistrate Judge John F. Docherty's order of detention (Doc. No. 17). The United States of America (the "Government") opposes. (Doc. No. 40.) The Court held a hearing on this matter on January 30, 2026. (Doc. No. 46.) For the reasons set forth below, and consistent with the Court's comments from the bench, the Court grants Arroyo-Sotelo's motion and orders his release on conditions.

## BACKGROUND

On October 10, 2025, Arroyo-Sotelo was arrested by agents from U.S. Customs and Border Protection, Department of Homeland Security Investigations ("HSI"), and the Internal Revenue Service. (Doc. No. 1-1 ¶¶ 4, 10.) Following his arrest, Arroyo-Sotelo was charged with assault on a federal officer and reentry of a removed alien. (Doc. Nos. 1, 18.) He was brought in on a bench warrant for his first appearance on October 20, 2025. (Doc. No. 6.) Following a detention hearing on October 27, 2025,

Judge Docherty ordered Arroyo-Sotelo's detention pending trial.  (Doc. Nos. 13, 17, 35.) Judge Docherty primarily relied on an HSI Special Agent's testimony that Arroyo-Sotelo reached for and pulled his firearm during the October 10th arrest.  (*See* Doc. No. 17 at 2-3.)  Arroyo-Sotelo now moves to revoke Judge Docherty's detention order under 18 U.S.C. § 3145(b).  (Doc. No. 38.)

## DISCUSSION

A district court reviews a magistrate judge's order for release or detention de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).  A defendant may be detained pending trial "if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions will *reasonably assure* the defendant's appearance."  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citation modified).  To determine whether such release conditions exist, courts consider:  (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger to the community.  *Id.*

Arroyo-Sotelo recently obtained access to the body-worn camera ("BWC") videos of the October 10th arrest.  He now moves to revoke the detention order because he asserts that the BWC video undermines the HSI Special Agent's allegation that he reached for the agent's firearm during the October 10th arrest. (Doc. No. 38 at 4-5.) Additionally, Arroyo-Sotelo highlights that no agent saw him reach for the gun, rather the

HSI Special Agent said he felt pressure on his firearm during arrest.[1] (*See id.*) The Government counters that the BWC video does not change the detention calculus, and that Judge Docherty correctly weighed the nature and circumstances of the alleged crime. (Doc. No. 40.)

After a careful review of the record, including the BWC video, the Court finds that there are release conditions that will reasonably assure the safety of the community, and therefore grants Arroyo-Sotelo's motion to revoke. The Court does not minimize the seriousness of the HSI Special Agent's allegations; however, the weight of the evidence on the assault charge is weak. The BWC video contradicts some of the HSI agent's account of the arrest, and no reach or grab of the firearm is visible. Judge Docherty did not have access to the BWC video at the time of his determination. Moreover, the history and characteristics of Arroyo-Sotelo do not suggest that he poses any danger to the community. Accordingly, the Court grants his motion to revoke and will issue a separate order setting conditions of release.

As a final note, the Court expresses its concern regarding the factual basis for the assault charge. The BWC video reviewed by the Court does not show that Arroyo-Sotelo "forcibly assaulted" federal law enforcement. While the video cannot entirely foreclose that possibility, it seriously undermines the Government's version of events. The trial in

---

[1] At the probable cause and detention hearing, the HSI Special Agent testified that he saw Arroyo-Sotelo grab the gun. (Doc. No. 35 at 34-35.) This testimony conflicts with his reported account in the affidavit attached to the complaint. (*Id.*; *see* Doc. No. 1-1 ¶ 9.)

this matter is set to begin at the end of next month. The Court strongly suggests that the Government consider plea offers that do not include the assault charge so that this matter may be resolved without a trial.

## ORDER

Based on the foregoing and the record in this case, and consistent with the Court's comments from the bench, **IT IS HEREBY ORDERED** that:

1. Defendant Jose Alberto Arroyo-Sotelo's motion to revoke (Doc. No. [38]) Magistrate Judge John F. Docherty's order of detention (Doc. No. [17]) is **GRANTED**.

2. A separate order setting conditions of release shall issue.

Dated: January 30, 2026         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge